OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
All three preconditions to the application of CPL 60.25 (subd 2) having been met, the testimony of Officer Moroney confirming the pretrial identification of appellant by the witness Grant was properly admissible at trial (see People v Nival, 33 NY2d 391). Appellant apparently concedes both that the identifying witness "observed the person claimed by the people to be the defendant” at the crime scene (CPL 60.25, subd 1, par [a], cl [i]) and that he was "unable at [trial] to state, on the basis of present recollection, whether or not [appellant was] the person in question” (CPL 60.25, subd 1, par [a], cl [iii]): The record contains evidence that the third condition also was met. In the presence of Officer Moroney at the station house, Grant "observed * * * a person whom he recognized” as the subject of his on-the-scene observation (CPL 60.25, subd 1, par [a], cl [ii]).
As to the constitutionality of the procedures followed by the police in connection with the so-called showup at which Grant identified appellant, our review of the record reveals ample support for the suppression court’s finding that the circumstances were not "unnecessarily suggestive”. As affirmed by the Appellate Division, which found that the showup was in fact "accidental” and that the identification thereat was spontaneous and untainted by any "untoward police conduct”, the determination is beyond our power of review (People v Gruttola, 43 NY2d 116, 122).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed in a memorandum.