■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HAMPTON and ROBERT RICHARDSON, Appellants.—Appeals by (1) the defendant Tony Hampton from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered November 26, 1984, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence, and (2) the defendant Robert Richardson from a judgment of the same court, also rendered November 26, 1984, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeals bring up for review the denial, following a hearing, of those branches of the defendants' omnibus motions which were to suppress certain statements and identification testimony.

Ordered that the judgments are affirmed.

Under the circumstances, the hearing court properly denied those branches of the defendant's omnibus motions which were to suppress the complainant Randall's immediate identification of the perpetrators at the scene of their apprehension and the inadvertent confirmatory identifications by both complainants at the police precinct.

The showup identification by the complainant at the arrest scene, which was in the vicinity of the crime scene and occurred immediately after the commission of the crime, falls within the recognized exception to impermissible showups. Although such procedures are less than ideal, they have been

held to be acceptable in the interest of prompt identification when conducted shortly after the commission of a crime at a point in time when the victim's memory is still fresh *(see, People v Love,* 57 NY2d 1023, 1024; *People v Adams,* 53 NY2d 241, 249; *People v Brnja,* 50 NY2d 366, 372; *People v Soto,* 87 AD2d 618, 619). This is particularly so in cases such as the present ones, given the proximity of the defendants' apprehensions in time and place to the scene of the crime. A speedy on-the-scene viewing of the suspects was an example of effective law enforcement insofar as it constituted a minimally intrusive means of investigation likely to confirm or dispel suspicion quickly *(People v Hicks,* 68 NY2d 234). Moreover, the showup identification conducted in the instant case was free of any unnecessarily suggestive police influence *(see, Stovall v Denno,* 388 US 293; *cf., People v Adams, supra).*

The station house identifications were not police-conducted identification procedures, but rather, were inadvertent and completely accidental viewings. An accidental or unarranged showup at the police station is not unnecessarily or impermissibly suggestive since such an event is unavoidable and is not attributable to any misconduct on the part of the police or prosecutor *(People v Gonzalez,* 61 AD2d 666, *affd* 46 NY2d 1011).

In any event, inasmuch as the victims knew both the defendants from the neighborhood prior to the incident, the hearing court properly found an independent basis for their identifications *(see, People v Jackson,* 111 AD2d 411, 412).

Finally, the record clearly shows that the defendant Hampton's spontaneously uttered remark that "no one got shot" was not elicited in response to police interrogation. Rather than having been encouraged to make a statement by the police, Hampton volunteered his remark in the course of a conversation that he himself had initiated. Detective Besmer merely responded to Hampton's inquiry about the charges facing him, and cannot be held accountable for the unforeseeable, spontaneous statement made by this defendant *(see, Rhode Is. v Innis,* 446 US 291). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.