■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ALBERT FLEMING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered February 18, 1983, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ferraro, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At approximately 11:20 A.M. on December 30, 1981, John Daly was robbed and beaten by two black males on a subway stairwell. He had had an adequate opportunity to view his assailants in a well-illuminated area both before and during the attack. Within 15 to 20 minutes of the robbery, Daly identified the perpetrators at the police station. He also identified the wristwatch which the perpetrators had taken from him. The police did not say anything to Daly to induce his identification other than asking him whether he recognized anyone. At the time of Daly's station house identification, one of the perpetrators was seated in a room in handcuffs while the other was in the hallway.

Anthony Prillo had come upon the perpetrators as they were in the process of mugging Daly. One of them had a gun. In response to his demand that they release their victim, the perpetrators told Prillo to mind his own business, whereupon he went back upstairs to the street and lingered. In approximately five minutes, the two perpetrators ran up the subway stairs, looked at Prillo and attempted to flee from the scene. Prillo then summoned the police. Upon hearing sirens shortly thereafter, Prillo proceeded in the direction of the activity. He thereafter informed the police officers that the two males who they had in custody were in fact the subway assailants. One of the police officers who responded to the scene confirmed the fact that Prillo approached him immediately after the suspects were apprehended. Prillo informed the officer that he had witnessed the incident and that the individuals apprehended were in fact the perpetrators. They were thereupon arrested and transported to the police station. Prillo also identified the perpetrators later at the police station. The perpetrators were in handcuffs at the time.

The evidence amply supports the finding of the hearing court that there was an independent basis for the in-court identifications made by the complainant and the eyewitness

based upon their extended opportunities to observe the defendant during the incident and immediately thereafter. The victim retained an independent memory of events based upon the fact that he had had sufficient time to observe his attackers, both during and after the incident, under favorable lighting conditions. Anthony Prillo made a positive independent identification of the defendant at the scene of the arrest within minutes of the mugging. Since the pretrial identifications clearly possess sufficient indicia of reliability, any error emanating from the somewhat suggestive procedure employed by the police at the station house must be deemed harmless (see, People v Adams, 53 NY2d 241).

We have considered the defendant's remaining contentions and find them to be either unpreserved for review or without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.