■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered March 25, 1983, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges both the legal and factual sufficiency of the evidence adduced as to identification. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Fleming,* 133 AD2d 167). Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JUSTICE, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Westchester County (Lange, J.), imposed May 13, 1988, upon his conviction of attempted kidnapping in the first degree, after a plea of guilty, the sentence being an indeterminate term of 4 to 12 years' imprisonment.

Ordered that the sentence is affirmed.

As part of his plea, the defendant was promised that the maximum sentence he would receive would be 4 to 12 years' imprisonment. Under the circumstances, he has no basis to now complain that his sentence was excessive *(see, People v Ramos,* 109 AD2d 898; *People v Kazepis,* 101 AD2d 816). Furthermore, given the heinous nature of the crimes with which he was charged, the defendant's contention that the sentence imposed was unconstitutionally excessive is without merit. Mangano, J. P., Brown, Lawrence, Kooper and Harwood, JJ., concur.