■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON FLOWERS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Miller, J.), rendered September 18, 1987, convicting him of robbery in the first degree (five counts) and robbery in the second degree, upon a jury verdict, under indictment No. 7605/86, and imposing sentence, and (2) a judgment of the same court (Douglass, J.), rendered February 10, 1988, convicting him of robbery in the first degree (five counts), upon his plea of guilty, under indictment No. 6304/86, and imposing sentence. The appeal from the judgment rendered September 18, 1987, brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgments are affirmed.

The defendant contends that he was entitled to suppression of the victims' lineup identification of him on the grounds that the victims may have advised one another as to whom they had selected and because there was a possibility that they could have seen photographs of him in the police precinct prior to their identification. We disagree. The record reveals that while waiting to view the lineup, the complainants were

instructed not to speak to one another, and three police officers were with them to insure their silence. Additionally, there was absolutely no evidence adduced at the hearing to indicate that any of the eyewitnesses saw the defendant's photograph at the time of the lineup prior to their identification of him. The defendant's speculation as to what may have occurred during the lineup procedure is insufficient to sustain his burden of proof that the procedure was suggestive, since such claims are not supported by the hearing record (see, People v Morales, 134 AD2d 292).

We further find that, under the circumstances, the sentence imposed under indictment No. 7605/86 was not excessive (see, People v Suitte, 90 AD2d 80). The sentence imposed under indictment No. 6304/86, was the result of a negotiated plea. Accordingly, the defendant may not now be heard to complain that it was excessive (see, People v Justice, 149 AD2d 437; People v Moore, 141 AD2d 769). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.