■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered August 26, 1987, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The victims of a robbery were brought to the precinct house by an investigating police officer for the purpose of filing a complaint shortly after the occurrence and the arrest of the defendant. Although the officer transporting the victims heard over his radio that the perpetrators were being transported to the precinct house at the same time, he testified that he expected he would arrive with the complainants first. He took further precaution to avoid an encounter with the defendant by escorting the complainants through the front door of the precinct house rather than the door near the parking lot used in transferring prisoners. Despite his precautions, however, upon entering the precinct house, the two complainants saw the defendant along with his three accomplices standing in handcuffs at the front desk. The complainants simultaniously identified the prisoners, including the defendant, as the persons who had robbed them. The police officer immediately

ushered the complainants into an adjoining room out of the view of the defendant and his accomplices.

Where, as here, "[a]n accidental or unarranged showup at the police station is not unnecessarily or impermissibly suggestive since such an event is unavoidable and is not attributable to any misconduct on the part of the police" *(People v Hampton,* 129 AD2d 736, 737; *see also, People v Lawrence,* 143 AD2d 1045), the hearing court properly denied suppression. Given the totality of the circumstances, including the brief time span between the crime and the viewing, the spontaneous recognition of the defendant by the two complainants, and the lack of police misconduct, there was no " 'substantial likelihood of * * * misidentification' " *(People v Gonzalez,* 61 AD2d 666, 670, *affd* 46 NY2d 1011). Therefore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.