■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORVILLE EDWARDS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Burke, J.), rendered October 4, 1985, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), grand larceny in the third degree (two counts), burglary in the first degree, unauthorized use of a motor vehicle in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 31, 1984, at approximately 12:45 A.M., a robbery occurred at the complainant's Mount Vernon apartment. Two hours later, the complainant and her boyfriend, who was in the apartment at the time of the robbery, went to the Mount Vernon police station to view photographic arrays. While at the station, a police radio transmitted the fact that the police had just captured the perpetrators after a high-speed chase and that they were being taken to the Mount Vernon precinct. Minutes later, there was a commotion in the hall outside the room in which the complainant and her boyfriend were viewing photographs and the defendant and another suspect appeared in the doorway. The complainant looked up and instantaneously identified the defendant as one of the perpetrators.

Contrary to the defendant's contention, the hearing court properly denied suppression of the complainant's spontaneous identification of him. The record clearly indicates that the complainant's viewing of the defendant was accidental, spontaneous, and not the product of police suggestiveness (*see, People v Gonzalez,* 61 AD2d 666, *affd* 46 NY2d 1011; *People v Rivera,* 22 NY2d 453, *cert denied* 395 US 964).

Similarly unavailing is the defendant's claim that the trial court erred in denying his request for an adjournment so that he might locate a witness. The court properly denied his motion as the defendant failed to make a showing of some diligence or good faith in attempting to find the witness. Besides, as the trial court determined, the witness was not material. The witness did not have personal knowledge of the facts and all those who had personal knowledge thereof had already testified at trial. Therefore, the trial court's ruling

was well within the bounds of its sound discretion and should not be disturbed *(see, People v Singleton,* 41 NY2d 402; *People v Paul,* 143 AD2d 107).

We have considered the defendant's remaining contentions, including those contained in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.