■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN GOODMAN, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Baker, J.), rendered February 26, 1986, convicting him of robbery in the third degree, grand larceny in the third degree, attempted grand larceny in the third degree, and attempted robbery in the first degree (two counts) under indictment No. 60900, upon a jury verdict, and (2) a judgment of the same court, rendered May 16, 1986, adjudicating him a youthful offender, upon his plea of guilty to robbery in the second degree under indictment No. 60979, and imposing sentences. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion under indictment No. 60900 which was to suppress the defendant's oral statements to the police.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, the trial court properly denied his motion for a severance and granted the People's cross motion to consolidate indictment No. 60900 with another indictment. Although the offenses charged in those indictments arose out of two separate robberies, they were properly joined for trial pursuant to CPL 200.20 (2) (c) since they were defined by the same or similar statutory provisions. The defendant's vaguely framed supporting assertions to the effect that without the granting of a severance he

could "not benefit from a fair trial and will be denied his due process rights" failed to adequately set forth the manner in which he would be prejudiced by the joint trial of the offenses involved (see, People v Lane, 56 NY2d 1, 10; People v Shapiro, 50 NY2d 747; People v Pierce, 141 AD2d 864, 865). Similarly, we conclude that the trial court properly consolidated those indictments (see, CPL 200.20 [2] [c]), and we discern in the court's order no improvident exercise of discretion (see, CPL 200.20 [4], [5]).

The defendant further contends, relying on People v Bartolomeo (53 NY2d 225), that his waiver of his right to counsel was ineffective since the police were chargeable with constructive knowledge of his alleged representation by counsel on an unrelated, pending charge. We disagree. The Court of Appeals has recently overruled the Bartolomeo decision, concluding that a defendant's representation by counsel on a prior, pending charge is not a bar to the waiver of his rights in the absence of counsel with regard to new, unrelated charges (see, People v Bing, 76 NY2d 331). Accordingly, the defendant's right to counsel contention is lacking in merit.

In view of our determination, there is no basis for vacatur of the plea under indictment No. 60979 (cf., People v Clark, 45 NY2d 432). Brown, J. P., Kooper, Harwood, and Balletta, JJ., concur.