■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN NATHANIAL EDWARDS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered June 8, 1989, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The victim, a prostitute, testified that the defendant became tired of her performing an agreed-upon sex act, reached into the backseat of the car, pulled out a gun, and shot her.

An entirely different version of the incident provided by the defendant does not render the proof insufficient. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review

power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that his right to counsel was violated is without merit. The defendant effectively waived his right to counsel despite being represented on a pending charge in which he was accused of assaulting a different prostitute. In *People v Bing* (76 NY2d 331), the Court of Appeals held that a defendant's representation by counsel on a prior, pending charge is not a bar to the waiver of the defendant's counsel with regard to new, unrelated charges *(see, People v Goodman,* 166 AD2d 541). Furthermore, the evidence supported the determination that the written statement given at the precinct was made after the defendant was informed of his *Miranda* rights and that he knowingly and voluntarily waived those rights *(see, People v Cornish,* 157 AD2d 741).

The defendant also contends that the trial court erred in not instructing the jury as to the defense of justification. However, the defendant's trial counsel never requested such a charge. Therefore, any error of law with respect thereto was not preserved for appellate review. Under the facts and circumstances of this case, we decline to exercise our interest of justice jurisdiction to review the issue *(see, People v Falco,* 130 AD2d 762).

Finally, the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.