■ The People of the State of New York, Respondent, v Curtis Nimmons, Appellant.—Judgment, Supreme Court, New York County (Gerald Sheindlin, J.), rendered March 10, 1989, convicting defendant after a jury trial of robbery in the first degree, two counts of criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him as a persistent felony offender, to four concurrent indeterminate terms of imprisonment of from 15 years to life on the robbery, 8 years to life on the second degree weapon possession, and 6 years to life on the third degree weapon possession, unanimously affirmed.

Defendant robbed a young man at gunpoint in a well-lit stairwell of the complainant's building. Although he directed the complainant to face the wall, the complainant took two opportunities to get a look at defendant's face and clothing.

The complainant gave chase as defendant fled the building. Friends of the complainant, who were nearby, pursued defendant, and police officers in a passing radio car followed the cab defendant had hailed and apprehended him. Defendant was taken to the precinct, and two officers returned to the complainant's address in order to pick him up and bring him to the precinct. There, the complainant was asked to wait in the civilian waiting area. Instead, he got up, and as he walked around, he saw defendant at the front desk. The complainant immediately screamed that that was the man who had robbed him.

We agree with the hearing court's finding that this viewing at the precinct was accidental and did not warrant suppression as an unduly suggestive police-arranged identification procedure (People v Acevedo, 102 AD2d 336; cf., People v Riley, 70 NY2d 523). The complainant had not been told anyone was in custody, and had been asked to wait in an area from which the front desk was not visible. The officers did not know where defendant might be when they arrived with the complainant. Given the short time between the robbery and the identification, the lack of misconduct on the part of the police, and the spontaneous nature of the identification, there was not a substantial likelihood of misidentification (People v Diaz, 155 AD2d 612, 613).

The prosecutor's questions of the complainant and the arresting officer regarding the release of vouchered property did not violate the unsworn witness rule (People v Paperno, 54 NY2d 294, 300-301). The questions merely sought to explain that only a portion of the money was introduced at trial because the remainder had been released to the complainant through the intervention of the prosecutor, and established the chain of custody of the money in evidence. Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.