■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL TERRY, Appellant.

The defendant's contention that his right to counsel was violated is without merit. The defendant effectively waived his right to counsel. In *People v Bing* (76 NY2d 331), the Court of Appeals held that knowledge of a prior pending charge against the defendant did not impose upon the police a duty to inquire as to whether the defendant was represented by counsel and was not a bar to the waiver of the defendant's right to counsel with regard to new, unrelated charges *(see, People v Goodman,* 166 AD2d 541, 542; *People v Edwards,* 172 AD2d 556). Therefore, in this case, that the police may have known that the defendant had been charged with a violation of probation did not preclude him from waiving his right to counsel.

Moreover, the sentencing court did not improvidently exercise its discretion in denying the defendant's application to withdraw his plea *(see,* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 524-525; *People v Cannon,* 150 AD2d 383). The defendant was fully informed of the rights he was waiving by pleading guilty and admitted the acts constituting the crime without making any claim of innocence. Neither his subsequent assertions of innocence nor his meritless claim of ineffective assistance of counsel was sufficient to justify setting aside the guilty plea *(see, People v Stephens,* 175 AD2d 272; *People v Maharajh,* 170 AD2d 539; *People v Pettway,* 168 AD2d 517).

The sentence imposed was neither harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Lawrence and Rosenblatt, JJ., concur.