■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL MAGEE, Appellant. [596 NYS2d 105] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Beerman, J.), both rendered November 28, 1990, convicting him of (1) robbery in the first degree under Indictment No. 5510/89, and (2) robbery in the second degree under Indictment No. 5511/89, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motions which were to suppress identification testimony.

Ordered that the judgments are affirmed.

On October 23, 1989, the victim of the robbery charged in Indictment No. 5511/89 selected a photograph of the defendant from a so-called "RIP book" shown to him by the investigating detective, and identified the defendant as the perpetrator of that robbery. The defendant was later interviewed by the detective at the 105th Precinct station house. After having waived his *Miranda* rights, the defendant made a statement, during the course of which he described his presumed victim as "a little jerk". When the victim unexpectedly entered the station house office some time later, the defendant spontaneously said, "There's the little jerk over there". The detective ushered the victim from the office and again displayed a photograph of the defendant, which the victim again identified as a picture of the perpetrator of the robbery. The defendant was later taken into custody.

On October 24, 1989, another detective, who was investigating the separate robbery which is charged in Indictment No. 5510/89, organized a lineup at the 113th Precinct in which the defendant was a participant. The defendant was identified by the victim of this separate crime. A Legal Aid Society attorney testified that on October 24, 1989, prior to this lineup, she had just begun an interview with the defendant when he was removed by police.

The defendant pleaded guilty to robbery in the first degree and robbery in the second degree, in satisfaction of both indictments, after those branches of his omnibus motions which were to suppress evidence had been denied. He was then sentenced. This appeal followed.

With respect to Indictment No. 5511/89, the defendant argues that his statement was taken in violation of his right to counsel, that his accidental station house encounter with his victim was an improper "showup", and that the subsequent confirmatory single-photograph identification was also improper. We disagree. The mere existence of a prior charge, even if known by the interrogating detective, did not preclude the defendant from voluntarily waiving his right to counsel *(see, People v Bing,* 76 NY2d 331; *see also, People v Washington,* 182 AD2d 791; *People v Terry,* 179 AD2d 833; *People v Edwards,* 160 AD2d 722; *People v Goodman,* 166 AD2d 541). The station house encounter between the defendant and his victim, during which the victim was identified by the defendant (rather than the other way around), was accidental, was not a "showup" in the ordinary sense, and was clearly devoid of suggestiveness *(see, e.g., People v Edwards, supra; People v Diaz,* 155 AD2d 612). The subsequent photographic display was confirmatory *(see, e.g., People v Sanford,* 184 AD2d 671; *People v Harris,* 171 AD2d 882; *People v Johnson,* 169 AD2d 779).

We find no merit to the defendant's remaining contentions. Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.