■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENIN VASQUEZ, Appellant. [605 NYS2d 381] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered December 19, 1991, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), robbery in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At his plea allocution, the defendant initially stated a desire to plead guilty to one count of robbery in the first degree in satisfaction of the indictment. However, when the court asked the defendant whether he was pleading guilty because he was in fact guilty, the defendant denied his guilt. Accordingly, the court providently exercised its discretion in rejecting the defendant's offer to plead guilty (see, People v Serrano, 15 NY2d 304; People v Leite, 52 AD2d 895).

Thereafter, the defendant proceeded to trial. There is no evidence in the record supporting the defendant's speculative claim that the complainant may have seen him standing alone in a holding cell at the police station prior to the subject lineup. Accordingly, he failed to sustain his burden of proving that the lineup procedure was unduly suggestive (see, People v

*Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Flowers,* 150 AD2d 721, 722).

Moreover, assuming, *arguendo,* that a prior viewing occurred under the circumstances alleged by the defendant, it would have been accidental and not an unduly suggestive police arranged identification procedure *(see, People v McCarter,* 179 AD2d 780; *People v Nimmons,* 177 AD2d 444; *People v Edwards,* 160 AD2d 722). Under the circumstances here, the court did not err by denying the defendant's request to call the complainant as a witness at the suppression hearing *(see, People v Taylor,* 80 NY2d 1, 15; *People v Chipp, supra,* at 337-339). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.