■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON NUNEZ, Appellant. [628 NYS2d 559] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Egitto, J.), rendered May 24, 1993, convicting him of murder in the second degree, manslaughter in the first degree, burglary in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court did not err in denying suppression of an eyewitness's identification of the defendant at the police precinct, as it was not the product of police suggestiveness. Rather, this eyewitness's viewing of the defendant was accidental, and was not the product of questionable police procedures (see, People v Edwards, 160 AD2d 722; People v Hampton, 129 AD2d 736; People v Magsamen, 128 AD2d 646; cf., People v Santiago, 163 AD2d 539; People v Smalls, 112 AD2d 173).

The defendant's argument that there was legally insufficient evidence of his identity as the perpetrator is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafalo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions in his supplemental pro se brief are either without merit or involve matters outside the record which cannot be considered on direct appeal from the judgment of conviction (see, People v Colon, 138 AD2d 392). Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.