■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUTCH WILLIAMS, Appellant. [651 NYS2d 906] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 9, 1995, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Juviler, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the court's denial of that branch of the defendant's omnibus motion which was to suppress identification testimony, since the lineup at issue was sufficiently attenuated from the warrantless arrest (*see, People v Watson*, 200 AD2d 643; *see also, People v Conyers*, 68 NY2d 982; *People v Major*, 215 AD2d 779). Further, we find that the sentence imposed was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions lack merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WIMBUSH, Appellant. [651 NYS2d 918] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered November 29, 1994, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he should have received youthful offender treatment is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v McGowen*, 42 NY2d 905; *People v Arimont*, 161 AD2d 769).

Additionally, the defendant received the sentence he bargained for and, therefore, has no cause to complain that his sentence is excessive (*see, People v Kazepis*, 101 AD2d 816). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.