■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INGRAM COX, Also Known as CURTIS COX, Appellant. [771 NYS2d 683]—

Appeal by the defendant from two judgments of the Supreme Court, Kings County (Firetog, J.), both rendered June 4, 2002, convicting him of robbery in the third degree (two counts; one each under Indictment Numbers 2854/01 and 6001/01), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We do not agree with the People that the defendant waived his right to appellate review, either with regard to his claim that his sentences were excessive, or with regard to his claim as to the Supreme Court's failure to consider, or to grant, youthful offender treatment (see People v Boustani, 300 AD2d 313 [2002]; cf. People v Kemp, 94 NY2d 831 [1999]).

The ambiguous remarks made by defense counsel shortly after the Supreme Court pronounced sentence did not constitute a request for youthful offender treatment (*see* CPL 720.10), much less a timely one. The defendant's failure to make such a request in the Supreme Court precludes him from arguing on appeal that it was error as a matter of law for that court to have failed to consider whether youthful offender treatment would have been appropriate under all the circumstances (*see People v McGowen,* 42 NY2d 905 [1977]; *People v Howard,* 1 AD3d 718 [2003]; *People v Walrath,* 285 AD2d 674 [2001]; *People v Pagano,* 253 AD2d 500 [1998]; *People v Cunningham,* 238 AD2d 350 [1997]; *People v Wimbush,* 234 AD2d 574 [1996]). In any event, youthful offender treatment was not warranted under all the circumstances presented in this case (*cf. People v Cruickshank,* 105 AD2d 325 [1985], *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625 [1986]).

The sentences imposed were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.