■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUGO GOMEZ, Appellant. [874 NYS2d 582]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered November 9, 2006, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Blumenfeld, J.), of that branch of

the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Police-arranged identifications, confrontations between a witness and a defendant which have come about at the deliberate direction of the police for the distinct purpose of identifying the perpetrator, implicate due process concerns (*see People v Dixon*, 85 NY2d 218, 223 [1995]). Accidental showups, on the other hand, which result "from mere happenstance, such as where a witness is present in police headquarters for some purpose other than to effectuate an identification, and by chance views and identifies a suspect who is being processed in another room" (*id.* at 223), do not implicate due process concerns, as long as the spontaneous encounter was not caused by police misconduct or questionable police procedures (*see People v Newball*, 76 NY2d 587, 591 [1990]; *People v Nunez*, 216 AD2d 494, 495 [1995]).

Following a reopened *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]), the trial court correctly determined that the precinct identification at issue here was accidental and was not the result of police misconduct or questionable police procedures (*see People v Nunez*, 216 AD2d 494, 495 [1995]; *People v Mitchell*, 185 AD2d 249, 251 [1992]; *People v Diaz*, 155 AD2d 612, 613 [1989]). Thus, the court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

Contrary to the People's assertion, the defendant preserved his claim for youthful offender treatment by raising the issue at sentencing (*see* CPL 470.05 [2]; *cf. People v Cox*, 4 AD3d 481, 482 [2004]; *People v Warde*, 45 AD3d 879, 880 [2007]). However, contrary to the defendant's contention, the denial of youthful offender treatment was a provident exercise of the court's discretion (*see* CPL 720.10 [3]; *People v Meriwether*, 51 AD3d 823, 824 [2008]; *People v St. Hilaire*, 48 AD3d 834, 835 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Spolzino, J.P., Ritter, Miller and Balkin, JJ., concur.