■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. SALAMONE, Appellant. [876 NYS2d 809]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered February 2, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in refusing to suppress physical evidence seized from him and statements made by him to the police because the police lacked probable cause to arrest him. We reject that contention. The po-

lice were justified in forcibly stopping defendant based upon reasonable suspicion that he had committed a crime, inasmuch as defendant matched the description of the suspect in a stabbing incident and was observed as he fled from the scene of the crime in the same direction as the reported suspect (*see People v Martinez*, 80 NY2d 444, 447 [1992]; *People v Cantor*, 36 NY2d 106, 112-113 [1975]). Upon stopping defendant, the officers confirmed that defendant matched the description of the reported suspect and, following a brief detention, they also confirmed that his vehicle had been left unattended at the scene of the crime. The police then had probable cause for defendant's arrest (*see People v Nicodemus*, 247 AD2d 833, 835-836 [1998]). In view of our determination that defendant was in fact arrested, we do not address his contention that he was subjected to a de facto arrest.

Defendant further contends that the statements made by him during the police interrogation were involuntary on the ground that he allegedly was deprived of food for over 10 hours and was not allowed to sleep despite the fact that he had been awake for 26 hours. Defendant failed to preserve that contention for our review (*see generally People v Miller*, 43 AD3d 1381, 1382 [2007], *lv denied* 9 NY3d 1036 [2008]) and, in any event, it is without merit. The record establishes that defendant was provided with cigarettes and water, and there is no evidence that he was denied food or the opportunity to sleep during the period of detention and interrogation (*People v Towndrow*, 236 AD2d 821 [1997], *lv denied* 89 NY2d 1016 [1997]; *cf. People v Anderson*, 42 NY2d 35 [1977]). Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.