THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RODRIGUEZ, Appellant. [949 NYS2d 441]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered February 10, 2010, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain identification testimony and statements made by the defendant to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of a weapon in the

second degree under counts 16 and 17 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The charges against the defendant arise from robberies of two bars that occurred on September 23, 2007, and September 30, 2007, respectively. The defendant also was charged with two counts of criminal possession of a weapon in the second degree, with respect to an incident that occurred on October 15, 2007. The trial evidence established that, on October 15, 2007, the defendant was present at the bar that was the scene of the September 23, 2007, robbery (hereinafter the first bar). An individual at the first bar allegedly observed a vehicle outside; that vehicle bore the same license plate as a vehicle that another witness had seen leaving the scene of the September 30, 2007, robbery. A witness at the first bar called the police, and the defendant was apprehended in the vicinity of the first bar. The defendant subsequently told the police, among other things, that on October 15, 2007, he and his wife had driven to the first bar in the wife's vehicle. The police subsequently found a firearm inside a bag, within a crate located in the cargo area of that vehicle, a sports-utility vehicle.

After a hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress his oral and written statements to police. The Supreme Court also denied that branch of the omnibus motion which was to suppress the identification testimony of a witness who identified the defendant after she observed him in a holding cell at a police station house.

After a jury trial, the defendant was found not guilty of the charges relating to the robbery of September 23, 2007. The defendant was found guilty of two counts of robbery in the first degree and one count of attempted robbery in the first degree with respect to the robbery of September 30, 2007. The jury also found the defendant guilty of two counts of criminal possession of a weapon in the second degree.

Contrary to the defendant's contention, the Supreme Court did not err in denying that branch of his omnibus motion which was to suppress identification testimony related to the stationhouse identification by a witness. "Police-arranged identifications, confrontations between a witness and a defendant which have come about at the deliberate direction of the police for the distinct purpose of identifying the perpetrator, implicate due process concerns" (*People v Gomez*, 60 AD3d 782, 783 [2009]). However, accidental show-up identifications that result "from mere happenstance, such as where a witness is present in police

headquarters for some purpose other than to effectuate an identification, and by chance views and identifies a suspect who is being processed in another room" (*People v Dixon*, 85 NY2d 218, 223 [1995]), do not raise due process concerns, "as long as the spontaneous encounter was not caused by police misconduct or questionable police procedures" (*People v Gomez*, 60 AD3d at 783; *see People v Nunez*, 216 AD2d 494, 495 [1995]). Here, the Supreme Court did not err in concluding, based on the hearing record, that the station-house identification at issue was accidental and not the result of police misconduct or questionable police procedures (*see People v Gomez*, 60 AD3d at 783; *People v Nunez*, 216 AD2d at 495; *People v Mitchell*, 185 AD2d 249, 251 [1992]). Consequently, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress that witness's identification testimony.

In addition, the Supreme Court did not err in denying that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials (*see People v Gordon*, 74 AD3d 1090 [2010]; *People v Ward*, 241 AD2d 767, 769-770 [1997]; *People v Stokes*, 233 AD2d 194 [1996]; *see also People v DeCampoamor*, 91 AD3d 669, 670 [2012]; *People v Salamone*, 61 AD3d 1400, 1401 [2009]; *People v Alexander*, 51 AD3d 1380, 1381-1382 [2008]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's application to present an expert witness as to the reliability of identification testimony. Where a case "turns on the accuracy of eyewitness identifications and there is little or no corroborating evidence connecting the defendant to the crime," a trial court must permit expert testimony as to eyewitness identifications where, inter alia, that testimony is relevant, based on generally accepted scientific principles, proffered by a qualified expert, and on a topic "beyond the ken of the average juror" (*People v LeGrand*, 8 NY3d 449, 452 [2007]; *see People v Santiago*, 17 NY3d 661, 669 [2011]; *People v Abney*, 13 NY3d 251, 267 [2009]). Here, however, there was sufficient corroborating evidence connecting the defendant to the crimes to obviate the need for expert testimony, including the defendant's statements to law enforcement officials, and other corroborating evidence, such that the Supreme Court did not improvidently exercise its discretion in precluding the proposed expert testimony (*see People v Abney*, 13 NY3d at 269; *People v Hall*, 86 AD3d 450, 452 [2011]; *People v Fernandez*, 78 AD3d 726, 726-727 [2010]; *People v Smith*, 57 AD3d 356, 357 [2008]; *People v Chisolm*, 57 AD3d 223, 223-224 [2008]).

However, in connection with the two counts of criminal pos-

session of a weapon in the second degree under counts 16 and 17 of the indictment, the People failed to adduce legally sufficient evidence of the defendant's possession of a weapon. The People's theory was that the defendant constructively possessed the gun that was found in the vehicle at the time of his arrest. However, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence failed to demonstrate that the defendant constructively possessed that gun. In particular, there was insufficient evidence that the defendant exercised dominion or control over that gun as, inter alia, the defendant was not in the vehicle when he was apprehended, the vehicle did not belong to him, and the gun was found in a rear cargo area of the vehicle, within a bag and a crate. Further, there was no proof that the gun recovered from that vehicle on the date of the arrest was connected to the robbery of September 30, 2007, and no other evidence tending to show the defendant's dominion or control over the gun. Under these specific circumstances, there was legally insufficient proof of the defendant's constructive possession of that weapon (*see People v Huertas*, 32 AD3d 795 [2006]; *People v Burns*, 17 AD3d 709 [2005]; *see also People v Martin*, 81 AD3d 1178, 1179-1180 [2011]; *People v Echeverri*, 3 AD3d 576 [2004]). Accordingly, the two counts of criminal possession of a weapon in the second degree under counts 16 and 17 of the indictment must be dismissed.

The sentences imposed on the remaining counts—the two counts of robbery in the first degree, and the count of attempted robbery in the first degree—were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.