■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER C. ROSS, Appellant. — Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered February 24, 1981, upon a verdict convicting defendant of the crime of attempted robbery in the second degree. At approximately 12:30 A.M. on August 28, 1980, defendant, wearing a stocking over his face, pointed a rifle at a camper at the Torch Lite Campsite in the Town of Cairo, Green County, and demanded money. A scuffle ensued and the rifle was fired. Defendant was identified by the campsite owner who called the State Police. About eight hours later Investigator Fitzmaurice of the State Police drove to defendant's home and, upon seeing defendant's wife outside the house, requested that she ask defendant to come out of their home. When defendant exited the house, Investigator Fitzmaurice arrested him. Without first giving defendant his *Miranda* warnings (*Miranda v Arizona,* 384 US 486), Fitzmaurice asked the whereabouts of the rifle. When defendant replied that the weapon was inside the residence, Fitzmaurice asked defendant's wife to go and get the gun. She complied. A suppression hearing was held and the trial court refused to suppress the rifle as trial evidence. After conviction of the crime of attempted robbery in the second degree, this appeal by defendant ensued. Any information obtained by inquiry after an arrest where, as here, the requisite *Miranda* warnings have not been given or waived is inadmissible. Also inadmissible is any physical evidence, here a rifle, whose existence was disclosed by the inadmissible oral statement (*People v Paulin,* 25 NY2d 445). Thus, this uncontested factual pattern surfaces an error of constitutional dimension requiring reversal of defendant's conviction unless it can be established that the so-called "inevitable discovery" doctrine is applicable with the result that the errors, though constitutional in nature, would be harmless (see *People v Payton,* 45 NY2d 300, 313-314, revd on other grounds 445 US 573; *People v Fitzpatrick,* 32 NY2d 499, cert den 414 US 1033). The "inevitable discovery" doctrine does not call for certitude. What is required is that there be a very high degree of probability that the evidence in question would have been obtained independently of the tainted source. While it appears that the doctrine might apply here, it being evident that the police could have easily obtained a search warrant the execution of which would have surfaced the

rifle, the People, nevertheless chose not to pursue that course. No reference to the doctrine is made in their brief nor did they make the requisite showing at the suppression hearing of the steps they would have taken to obtain the rifle in the absence of defendant's revelation that the weapon was inside the house (see *People v Payton,* 45 NY2d 300, 313-314, *supra*). Accordingly, we are constrained to reverse defendant's conviction. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.