■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE BARKSDALE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered August 29, 1984, convicting him of robbery in the first degree (two counts) and criminal use of a firearm in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Lawrence, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that there was no proof that the informant was reliable and, therefore, his subsequent arrest should have been found to be illegal. This contention is without merit as the record clearly shows that the informant's reliability was established by a police officer's testimony that this particular informant had provided information which had proven reliable in the past (see, Aguilar v Texas, 378 US 108; People v Rodriguez, 52 NY2d 483). The fact that no documentary proof was offered to support the officer's testimony does not render the People's evidence of the informant's reliability insufficient, as the issue was one of credibility (see, People v Holmes, 50 AD2d 792, affd 40 NY2d 1068).

In addition, we do not find any undue suggestiveness with the identification procedures utilized either in the courtroom or at the police station, and, in any event, since both complaining witnesses had ample opportunity to view the defendant at close quarters for several minutes both during and immediately after the crime, there is no danger of a mistaken identification (see, People v Logan, 25 NY2d 184, cert denied 396 US 1020, rearg dismissed 27 NY2d 733; People v Casanova, 124 AD2d 813; People v Bookhart, 117 AD2d 739).

With regard to the defendant's claim that the testimony of his accomplice, Harold Pacheco, should not have been admitted at trial because Pacheco's identity was discovered as a result of the defendant's illegally obtained confession, we note preliminarily that this claim has not been preserved for appellate review. In any event, we find this contention to be without merit. It is well settled that the testimony of a witness is not necessarily inadmissible simply because the identity of the witness was initially discovered by a breach of a defendant's constitutional rights (see, Wong Sun v United States, 371 US 471; Nardone v United States, 308 US 338; People v Graham, 39 NY2d 775). In this regard, the courts

have held a witness's testimony to be admissible where the decision of the witness to testify attenuates the taint flowing from the illegal police procedure. The key factors in determining whether a taint has been sufficiently attenuated in such cases are that the illegally obtained information not be exploited, and that the witness gave his or her statements and testimony voluntarily *(see, People v Mendez,* 28 NY2d 94, *cert denied* 404 US 911). At bar, while it is true that the police first learned of Pacheco's identity by questioning the defendant, Pacheco later made the independent decision to testify. Moreover, Pacheco could conceivably have been located through other avenues of police investigation, such as through the informant or by tracking down the getaway car which he drove. Accordingly, we conclude that any taint was attenuated and the witness Pacheco's testimony was properly introduced at trial.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.