■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HILL, Appellant.—

Defendant, together with two others, stole a watch from an unlicensed Senegalese street vendor. He contends that, during his trial, he was deprived of his due process rights by the court's unbalanced marshaling of the evidence. If a Trial Judge marshals the evidence "it manifestly becomes important for the Judge to exercise scrupulous care that the review of the evidence and the accompanying comments are balanced and evenhanded, and that they do not inappropriately influence the jury in the discharge of its obligation to determine the factual issues". *(People v Brown,* 129 AD2d 450, 452, citing *People v Williamson,* 40 NY2d 1073, 1074.) In the instant case, the court's marshaling was appropriately balanced.

It first summarized the complainant's testimony, then that of the codefendant, pointing out where they differed, followed by a summary of the testimony of the other witnesses. Throughout the court repeatedly reminded the jury that it was their recollection that controlled.

The court's references to the race and background of the various parties in emphasizing the equal protection of the law to which both the complaining witness and the defendants were entitled, while inartistically phrased and essentially unnecessary, were not prejudicial to the defendant. Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.