■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. CHARON, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered May 25, 1989, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree (two counts) and criminal possession of a weapon in the third degree.

The victim's severely beaten body was discovered by the police on July 12, 1988 in the Village of Monticello, Sullivan County. At about 1:00 P.M. on the same date, defendant approached a sergeant of the village police department at the crime scene and offered information regarding his observations of the victim walking with a light-skinned black or Hispanic male the preceding evening. Defendant voluntarily accompanied the sergeant and a State Police investigator in a police vehicle for the remainder of that afternoon to look for the suspect he had described. They arrived back at the village police station at 5:00 P.M. He was then interviewed by another State Police investigator, Joseph Tripodo, and indicated that he saw the victim in the early evening and spent the rest of the evening with Evelyn Rundel, his wife. Defendant first became a suspect for the murder at about 7:00 P.M. when

Rundel came to the police station and refuted defendant's alibi. Defendant was immediately advised of his *Miranda* rights and was interrogated intermittently by Tripodo until about 2:00 A.M. the following morning when he admitted participating in the robbery and killing the victim with another person later identified as Aurelio Hernandez. After two repetitions of *Miranda* warnings to another State Police investigator, defendant gave a more detailed confession which was reduced to writing and read to him and signed. Suppression of the statement was denied and defendant was convicted of the murder and robbery after a jury trial.

Defendant's first point on appeal is that his confession should have been suppressed as the product of police brutality and prolonged interrogation when he was in a weakened mental state by reason of intoxication. The officers who questioned defendant denied all the accusations of physical and mental coercion. The length of time defendant was in custody before confessing is not conclusive *(see, People v Croney,* 121 AD2d 558, 559, *lv denied* 68 NY2d 811), particularly since there was evidence that the cumulative time of actual interrogation was only 3½ hours before he initially implicated himself in the murder, that he was given several *Miranda* warnings and was provided with food, beverages and cigarettes. Although some interrogating police officers detected the odor of alcohol on defendant's breath, they stated that he appeared alert and not to be intoxicated. This is supported by the fact that he had been in the continuous presence of police officers from 1:00 P.M. the prior afternoon without having imbibed any intoxicants. In any event, self-induced intoxication also is insufficient in and of itself to render a confession involuntary *(People v Schompert,* 19 NY2d 300, 305, *cert denied* 389 US 874).* Additionally, defendant's claim of being beaten by the police was belied by his failure to make any prompt complaint and the lack of any physical appearance of being beaten in the photographs taken of defendant when he was booked. Thus, there is no reason to disturb the suppression court's resolution of credibility issues and the finding of voluntariness fully supported by evidence in the record *(see, People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703).

Equally unavailing is defendant's claim that error was committed at the suppression hearing when County Court quashed a defense subpoena of the alleged coperpetrator, Hernandez, on the latter's application and representation that he would assert his privilege against self-incrimination. The ostensible purpose of seeking the testimony of Hernandez was

to show that he was also subjected to police brutality during interrogation. To the extent that quashing the subpoena before Hernandez actually refused to testify on self-incrimination grounds may have been in error *(see, People v Murray,* 79 AD2d 993, 994), it was not prejudicial. Hernandez was called as a defense witness at the trial. According to his testimony, he was interrogated at a different time and apparently by different police officers than defendant. Thus, his testimony was not competent on the issue of the voluntariness of defendant's confession.

Finally, we reject defendant's contention on appeal that he was provided inadequate representation by his assigned counsel. The record discloses that defendant's trial counsel made appropriate pretrial motions, competently participated in the suppression and *Sandoval* hearings, made cogent opening and closing statements, and thoroughly cross-examined witnesses, quite correctly centering his attack on the validity of defendant's confession and the weakness of the People's case without the confession. Neither of the two alleged deficiencies by counsel now relied upon by defendant, with the benefit of hindsight, appears from the trial record to have constituted a failure to utilize exculpatory evidence of any significance *(see, People v Benn,* 68 NY2d 941, 942). The record establishes that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137, 146-147).

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.