■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUNDIE K. BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the People's proof was legally insufficient to sustain his conviction of felony murder because it failed to establish that his conduct caused the death of Karin Strand. He asserts that the victim's death was the result of the hospital's malpractice, rather than the knife wounds she received during his assault. We disagree. Viewing the evidence, as we must, in the light most favorable to the People, we conclude that a rational jury could have found that defendant's assault was a contributing cause of the fatality *(see, Matter of Anthony M.,* 63 NY2d 270, 280-281;

*People v Kibbe,* 35 NY2d 407, 412-413; *People v Kane,* 213 NY 260, 270).

Defendant further contends that the court erred in failing to exclude the testimony of three witnesses. He alleges that their testimony was the fruit of his confession obtained in violation of the rule set forth in *People v Bartolomeo* (53 NY2d 225). Between the date of defendant's conviction and this appeal, the Court of Appeals in *People v Bing* (76 NY2d 331, 337) overruled *People v Bartolomeo (supra)* and its progeny. Because defendant's contention must be reviewed pursuant to the present state of the law *(see, People ex rel. Julio v Walters,* 88 AD2d 259, *appeal dismissed* 58 NY2d 881), the alleged violation of the *Bartolomeo* rule does not provide a basis for the suppression of the witnesses' testimony. In any event, even if the confession was illegally obtained under the *Bartolomeo* rule, the court properly denied suppression because the testimony was not obtained from the exploitation of the confession and was given voluntarily *(see, People v Barksdale,* 133 AD2d 770, *lv denied* 70 NY2d 1003; *see also, People v Graham,* 39 NY2d 775; *People v La Rocca,* 37 NY2d 927; *People v Mendez,* 28 NY2d 94, *cert denied* 404 US 911).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Monroe County Court, Wisner, J.—Murder, 2nd Degree.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.