■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BAPTISTE, Appellant.—Judgment of the Supreme Court, New York County (Thomas B. Galligan, J., at *Huntley* hearing, plea and sentence), rendered June 14, 1989, convicting defendant, upon his plea of guilty, of attempted manslaughter in the first degree, and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of from 5 to 10 years, to run concurrently with a sentence imposed in another jurisdiction, unanimously affirmed.

Defendant's conviction arises out of a drug-related incident in New York County on August 2, 1986, during which Milton Jackson was stabbed, resulting in his death.

In March, 1987, defendant was apprehended by Los Angeles County police acting upon an outstanding warrant on a felony narcotics charge. At the request of New York City police, he was questioned about the stabbing of Milton Jackson. Defendant signed a written statement with respect to that crime which Supreme Court declined to suppress, finding that it was voluntarily made after defendant knowingly waived his *Miranda (Miranda v Arizona,* 384 US 436) rights.

At issue is whether defendant's right to counsel was violated because the Los Angeles police knew or should have known that defendant was represented by counsel on pending criminal charges in California, unrelated to the homicide in New York. In overruling *People v Bartolomeo* (53 NY2d 225), the Court of Appeals upheld the interrogation of suspects where "the courts below found that each defendant had knowingly and voluntarily waived their *[sic] Miranda* rights and that the police questioned solely on matters unrelated to the prior pending charge" *(People v Bing,* 76 NY2d 331, 351). It reasoned that "permitting questioning on unrelated crimes violates neither the State Constitution nor the ethical principles that concerned us in our prior right to counsel cases" *(People v Bing, supra,* at 349-350).

The instant matter is not distinguishable. Having waived his right to counsel prior to questioning about the New York

homicide and having voluntarily given a statement solely with respect to that crime, defendant "voluntarily chose to forego legal representation" *(People v Bing, supra,* at 349), and his questioning does not abridge his right to counsel *(People v Rogers,* 48 NY2d 167).

Defendant's remaining contentions have been examined and found to be without merit. Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.