## Norfolk

TYRONE LAMONT JACKSON

v.

COMMONWEALTH OF VIRGINIA

No. 0998-90-1

Decided May 5, 1992

COUNSEL

W. Greer McCreedy, II (Anderson, Lee & Norris, P.C., on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—Tyrone Lamont Jackson, on his conditional guilty plea, was found guilty of first degree murder and use of a firearm in the commission of murder and was sentenced to serve fifty-two years in the state penitentiary. On appeal, he contends that the trial court erred in denying his motion to suppress a confession given by him while a prisoner in New York. He argues (1) that his waiver of his *Miranda* rights was invalid because it was given in the absence of his New York attorney, and (2) that in determining the validity of that waiver, the trial court should have applied New York law. Upon review, we find no error and affirm the judgment of the trial court.

On or about May 31, 1988, Jackson murdered Robert Brown in Norfolk. He was later arrested in New York on charges of sexual abuse and assault. An attorney was appointed to represent him on the New York charges. On March 7, 1989, a Norfolk investigator interviewed Jackson, who was then in custody in New York. The Norfolk investigator advised Jackson of his *Miranda* rights. Jackson signed a waiver of those rights and confessed to the Norfolk murder. He did not request the assistance of an attorney. The Norfolk officer knew that Jackson was being held on New York charges.

Citing *People v. Bartolomeo*, 53 N.Y.2d 225, 423 N.E.2d 371, 440 N.Y.S.2d 894 (N.Y. 1981), Jackson contends that, under New York law, since he was represented by counsel on the New York charges, he could not waive his right to counsel on the unrelated Virginia charges unless counsel was present. *Bartolomeo* set forth that rule, peculiar to New York.

In *People v. Bing*, 558 N.E.2d 1011, 559 N.Y.S.2d 474 (N.Y. 1990), New York overruled *Bartolomeo*. The appellate courts of New York have uniformly applied *Bing* retroactively. *See People*

*v. Baptiste*, 568 N.Y.S.2d 621, 622 (N.Y. App. Div. 1991); *People v. Spellman*, 562 N.Y.S.2d 652, 653 (N.Y. App. Div. 1990), *appeal denied*, 575 N.E.2d 413, 571 N.Y.S.2d 927 (N.Y. 1991); *People v. Edwards*, 567 N.Y.S.2d 881, 882 (N.Y. App. Div. 1991), *appeal denied*, 577 N.E.2d 1066, 573 N.Y.S.2d 474 (N.Y. 1991); *People v. Goodman*, 560 N.Y.S.2d 822, 823 (N.Y. App. Div. 1990); *People v. Brown*, 575 N.E.2d 404, 569 N.Y.S.2d 526, 527 (N.Y. App. Div.), *appeal denied*, 575 N.E.2d 404 (N.Y. 1991). Hence, the *Bartolomeo* rule no longer obtains as authority in New York. It would not require the reversal of this case in New York. We see no reason to invoke that rule in Virginia, a state in which it was jurisdictionally and conceptually foreign from its inception.

The trial court did not err in declining to apply the *Bartolomeo* rule. The admissibility of evidence is not a matter of substantive right, but rather of procedure, and as such is governed by the *lex fori*. See *Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267, 272 (1986). Virginia follows federal jurisprudence in identifying constitutional violations and in determining the applicability of the exclusionary rule.

■ An accused who, upon receiving advice of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), requests the assistance of counsel, is deemed thereby to have asserted his inability to resist police interrogation without assistance. Therefore, the appointment of counsel pursuant to the Fifth Amendment right identified by *Miranda*, is not charge specific, and further police initiated interrogation on any subject, in the absence of counsel, is barred. See *Edwards v. Arizona*, 451 U.S. 477 (1981); *Arizona v. Roberson*, 486 U.S. 675 (1988); *Minnick v. Mississippi*, 498 U.S. 146 (1990).

■ The invocation of the Sixth Amendment right to counsel is charge specific and does not bar police-initiated interrogation with respect to charges unrelated to those for which counsel has been employed. See *McNeil v. Wisconsin*, 501 U.S. 171, 176 (1991).

Jackson's New York lawyer was appointed to afford him Sixth Amendment protection with respect to the New York charges, and not pursuant to a Fifth Amendment request for counsel to deal generally with police confrontation. Thus, that appointment was specific to the New York charges and did not bar interroga-

tion with respect to the Virginia charges involved in this appeal. *See id.*

The judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred.