■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HUMPHREY, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 20, 1990, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, along with two others, was arrested inside a ransacked video store. The defendant testified at trial that "crack heads" had committed the burglary and that he was merely in the vicinity of the store when the police arrived and directed him to go inside where he was arrested.

The defendant contends that the trial court's refusal to charge the jury as to intoxication (Penal Law § 15.25) was reversible error. The defendant failed to preserve this issue for appellate review as a matter of law, and in light of the evidence in this case, we decline to review it in the exercise our interest of justice jurisdiction.

The defendant further contends that the evidence adduced at trial was legally insufficient to sustain his conviction and that the verdict was against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The prosecution presented two police officers who apprehended and arrested the defendant while he was still inside the ransacked video store. The defendant's assertions that his testimony was not given sufficient weight and that there were inconsistencies in the testimony of the prosecution witnesses merely raised issues of credibility. Issues of credibility, as well as the weight to be accorded the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). In this case, the evidence at trial amply supported the verdict. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.