THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TIMOTHY A. VAIL, Appellant.

Third Department, October 22, 1992

### APPEARANCES OF COUNSEL

*Robert M. O'Leary, Public Defender (Kenneth S. Kagan* of counsel), Binghamton, for appellant.

*Gerald F. Mollen, District Attorney* of Broome County, Binghamton, for respondent.

### OPINION OF THE COURT

MIKOLL, J.

Defendant seeks a reversal of his convictions based on County Court's denial of his motion to suppress a statement given by him to police implicating him in the crimes of which he was convicted. Defendant contends that the People violated his right to counsel in that at the time the statement was taken, he was represented on other charges by counsel and that the People manipulated the dismissal of the unrelated charges for purposes of avoiding the rules set out in *People v Rogers* (48 NY2d 167) and *People v Bartolomeo* (53 NY2d 225).

■■ Subsequent to *Rogers (supra)* and *Bartolomeo (supra),* the Court of Appeals, in *People v Bing* (76 NY2d 331), ruled that the right to counsel is not violated where a defendant is questioned by the police solely on matters unrelated to a prior *pending* charge even if the defendant was represented by counsel on the prior charge. Defendant urges that *People v Bing (supra)* is not applicable to him because his interrogation

occurred on December 31, 1988, he was indicted on January 19, 1989, convicted after trial on September 28, 1989 and sentenced on November 15, 1989. The *Bing* case was decided on July 2, 1990. Defendant contends that because *Bing* is a " 'clear break with the past' " *(United States v Johnson,* 457 US 537, 549, quoting *Desist v United States,* 394 US 244, 248) and would severely curtail his constitutional rights, it should not be applied retroactively and, in this instance, on appellate review of his conviction. We disagree. This Court has previously applied *Bing* retroactively *(see, People v Brown,* 174 AD2d 842) and the same rule has been adopted by other Departments *(see, People v Brown,* 171 AD2d 1038, 1039 [4th Dept], *lv denied* 77 NY2d 992; *People v McEachern,* 166 AD2d 614 [2d Dept], *lv denied* 77 NY2d 908). It was thus appropriate to apply *Bing* herein.

Alternatively, defendant urges that his arrest for a parole violation on matters for which he had retained counsel entitles him to the protection of *People v Rogers* (48 NY2d 167, *supra),* which *Bing* held was still good law *(People v Bing, supra,* at 350), and thus warrants suppression of his statement. We note that defendant was arrested for a parole violation and, as to this matter, he was unrepresented by counsel. Police were thus free to question him regarding the murder for which he was a suspect *(see, People v Kazmarick,* 52 NY2d 322, 324). Contrary to defendant's contention, even absent the ruling in *Bing,* it has been held that police can dismiss charges against a defendant even if done for the purpose of questioning the defendant about another matter *(see, People v Robles,* 72 NY2d 689, 695; *People v Mann,* 60 NY2d 792, 794).

Defendant also urges that County Court erred in permitting the in-court identification testimony of Barbara Rogers in that her identification was contrary to earlier information she gave to the police and was tainted by her viewing of defendant on television after his apprehension. We find the court's admission of Rogers' testimony proper. Rogers' testimony was not tainted by any police procedure and it had as its basis an independent source. The weight to be given to it was thus properly found to be a question for the jury *(see, People v Porpeglia,* 167 AD2d 727, 729, *lv denied* 77 NY2d 965).

WEISS, P. J., YESAWICH JR., MERCURE and CREW III, JJ., concur.

Ordered that the judgment is affirmed.