■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIXON J. MELVIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Scarpino, J.), rendered August 11, 1989, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of

that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that his statement made to the police in response to a police officer's question as to "where the gun was" was inadmissible at the trial since it was made when he was in custody, before receiving *Miranda* warnings, and that the "public safety exception" should not apply under the facts of this case. He further contends that his statements made at the police precinct were also inadmissible because the police knew or should have known that he had a criminal case pending against him *(see, People v Bartolomeo,* 53 NY2d 225).

In *New York v Quarles* (467 US 649), the Supreme Court carved out a limited exception to the *Miranda* requirements which is triggered when a danger to public safety appears to be present. At bar, the hearing court properly applied this public safety exception. When Officer MacFarland arrived at the defendant's home, he had to pass numerous people, including children, to get to the front porch. Once on the porch, the officer observed a woman lying in the front doorway with what appeared to be a bullet wound in her chest. The defendant was sitting nearby in a chair on the front porch repeatedly stating, "[s]he made me do it, she wouldn't leave me alone, I had to do it". Officer MacFarland then frisked the defendant and asked him "where the gun was". The defendant responded that he had gotten rid of it and that it would never be found. With the numerous people and children in the immediate area, the question posed to the defendant as to the whereabouts of the gun was more for the purpose of ascertaining for safety reasons the location of the gun, than to secure evidence of a crime *(see, People v Howard,* 162 AD2d 615). Moreover, when the officer asked the defendant for the location of the gun, there still existed a volatile situation which called for immediate action *(cf., Matter of John C.,* 130 AD2d 246; *People v Strickland,* 169 AD2d 9).

The defendant's claim under *People v Bartolomeo* (53 NY2d 225, *supra)* is without merit, since *Bartolomeo* was overruled by the Court of Appeals in *People v Bing* (76 NY2d 331) which is applied retroactively *(see, People v Goodman,* 166 AD2d 541; *People v Vail,* 182 AD2d 331; *People v Brown,* 171 AD2d 1038; *People v Baptiste,* 172 AD2d 363).

The defendant argues that the jury verdict finding him guilty of manslaughter in the second degree was against the weight of the evidence. Upon the exercise of our factual

review power *(see,* CPL 470.15 [5]), we find that the weight of the evidence adduced at the trial clearly established that the defendant, aware of the substantial and unjustifiable risk that death would result from his action, disregarded that risk, and shot the victim, causing her death *(see, People v Licitra,* 47 NY2d 554, 558).

The defendant's claim that the trial court unfairly marshaled the evidence is without merit. The court marshaled the evidence in a most even handed manner *(see, People v Hill,* 158 AD2d 339). In any event, the court's marshaling of the evidence did not deprive the defendant of a fair trial *(see, People v Diaz,* 179 AD2d 674).

Based on the nature and the severity of the instant offense, the sentence imposed is not excessive *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.