(March 18, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GERARD G. HARRIS, Appellant. [594 NYS2d 914] —Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered November 20, 1990 in Broome County, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant pleaded guilty to one count of robbery in the first degree and was sentenced as a second felony offender to a term of imprisonment of 4½ to 9 years. Defendant contends on this appeal that Supreme Court erred in denying his motion to suppress the statement he made to police while in custody and eyewitness identification testimony.

We find defendant's argument that police should have inquired as to whether he was represented by counsel to be without merit. Defendant did not request counsel during interrogation for the crime at issue until after he had given his oral statement, and police were under no duty to inquire as to defendant's possible representation on pending charges *(see, People v Bing,* 76 NY2d 331; *People v Vail,* 182 AD2d 331; *People v Terry,* 179 AD2d 833, *lv denied* 80 NY2d 839). Defendant's contention that his statement was involuntary due to his alleged intoxication and the length of the interrogation are similarly meritless. The police officers who observed and questioned defendant testified that defendant was not intoxicated *(see, People v Zerbst,* 147 AD2d 844, *affd* 74 NY2d 888). In addition, the approximately two-hour length of defendant's interrogation does not in itself indicate that the statement was involuntary *(see, People v Charon,* 165 AD2d 914, *lv denied* 77 NY2d 837).

We also find no error in Supreme Court's ruling that the victim could attempt an in-court identification of defendant. The victim testified that defendant initially entered the store in which she was working and spoke to her, then stood behind his codefendant while he purchased a soda, and that a few minutes after leaving the two men returned and robbed the store. The victim also stated that during the robbery she was held by one man while the other, whom she identified as defendant, walked in front of her and took money from the cash register. She further stated that the store was well lit and that the two men were her only customers at the time. This testimony supports County Court's finding that the victim had a basis for identifying defendant independent of a lineup held after he was apprehended *(see, People v Vail, supra; People v Porpeglia,* 167 AD2d 727, *lv denied* 77 NY2d 965). Circumstances affecting the weight to be given the in-

court identification were properly left for the trier of fact to determine *(see, supra).*

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.