■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASCAL CARPENTER, Appellant. [606 NYS2d 23] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered May 9, 1991, convicting him of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find the defendant's contention that the Supreme Court erred when it declined to give a charge on intoxication (Penal Law § 15.25) to be without merit. The evidence of intoxication was the defendant's testimony that he had consumed 40 ounces of beer some time before he entered the stolen vehicle. However, he did not testify as to how much time had elapsed between the consumption of the alcohol and the criminal acts with which he was charged. Further, his testimony regarding the effect of the beer was merely that he "felt a bit tipsy". Under these circumstances, the evidence was insufficient to

conclude that a reasonable juror might find that the defendant's intent was affected by the alcohol *(see, People v Rodriguez,* 76 NY2d 918; *People v Powell,* 181 AD2d 923; *People v Caballero,* 160 AD2d 810).

The defendant did not object to the court's curative instruction regarding the prosecutor's comment on his post-arrest silence, and the issue is thus unpreserved for appellate review *(see,* CPL 470.15 [4]). In any event, the overwhelming evidence of guilt rendered any error by the court in giving the instruction harmless *(see, People v Crimmins,* 36 NY2d 230; *see also, People v Gluckowski,* 174 AD2d 752).

We have examined the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.