■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH THORPE, Appellant. [634 NYS2d 131] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered March 5, 1993, convicting him of murder in the second degree (two counts) and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain statements made by him to law enforcement officials and to suppress physical evidence seized from the defendant's home.

Ordered that the judgment is affirmed.

The hearing court properly found that the defendant voluntarily and knowingly waived his *Miranda* rights prior to his request to speak with an attorney. The record failed to establish that the defendant was "intoxicated to the degree of mania" or unable to understand the *Miranda* rights or the meaning of his statements *(People v Schompert,* 19 NY2d 300, 305, *cert denied* 389 US 874; *People v San Juan,* 168 AD2d 648). Moreover, assuming that the defendant was actually represented on another pending charge, such representation did not preclude the waiver of his *Miranda* rights in the absence of counsel with regard to the new, unrelated charges *(see, People v Bing,* 76 NY2d 331; *People v Melvin,* 188 AD2d 555, 556; *People v Goodman,* 166 AD2d 541, 542).

The hearing record demonstrates that the police searched the defendant's apartment with the consent of his mother, who lived in the apartment. Accordingly, the evidence seized from the apartment was properly admitted into evidence *(see, People v Cosme,* 48 NY2d 286, 290; *People v Greenberg,* 187 AD2d 528).

The defendant's contention that the circumstantial evidence

was legally insufficient to establish his guilt is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the circumstantial evidence in the light most favorable to the prosecution *(see, People v Williams,* 84 NY2d 925), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the defendant's claim that the trial court erred in failing to charge the jury on the defense of intoxication is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Humphrey,* 186 AD2d 148, 149; *People v Powell,* 181 AD2d 923; *People v Adams,* 166 AD2d 711), and, in any event, is without merit *(see, People v Rodriguez,* 76 NY2d 918; *People v Carpenter,* 199 AD2d 524; *People v Powell, supra).* Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.