COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.          Record No. 0282-96-3          JUDGE LARRY G. ELDER
                                          JULY 15, 1996
DAVID WAYNE HALL


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
George E. Honts, III, Judge


Kathleen B. Martin, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellant.

Ross S. Haine, Assistant Public Defender, for
appellee.


The Commonwealth appeals the trial court's decision granting David Wayne Hall's (the defendant's) pretrial motion to suppress. The Commonwealth contends that the trial court erred in finding that the police obtained statements from the defendant in violation of his Sixth Amendment right to counsel. Because the trial court did not err, we affirm its decision.

The record reveals that after receiving an informant's tip and finding stolen property in the defendant's residence, Officer Gary B. Coleman of the Lexington Police Department arrested the defendant on August 27, 1995, on a charge of receiving stolen property. Two days later, an attorney from the Public Defender's Office was appointed to represent the defendant, and the

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

defendant was released from jail on bond.

After his release from jail, the defendant moved to his girlfriend's apartment in nearby Buena Vista. On September 15, 1995, Lexington Police Officer Torben A. Pederson, Rockbridge County Deputy Sheriff C. J. Blalock, and two Buena Vista police officers executed a search warrant at the apartment. During the search of the house, police found a number of items known to be stolen.

After Deputy Blalock advised the defendant of his Miranda rights, the defendant claimed that he received the items from third parties and that he would assist the police in locating those parties. Officer Pederson and Deputy Blalock did not have actual knowledge on September 15, 1995 that counsel had been appointed for the defendant on the receiving stolen property charge. After further questioning at the sheriff's office, the defendant gave an inculpatory statement.

On September 20, 1995, Officer Coleman and Deputy Blalock encountered the defendant near his residence. Deputy Blalock advised the defendant of his Miranda rights, and Officer Coleman asked the defendant "directly, if he was represented by an attorney." The defendant stated that he did not have an attorney but was thinking of hiring one. Neither Officer Coleman nor Deputy Blalock attempted to determine if the defendant was in fact represented by an attorney. The defendant accompanied the officers in a police vehicle and indicated various locations in

Lexington and Rockbridge County where he committed burglary and larceny. The police then arrested the defendant for the numerous burglaries and larcenies committed around Lexington.

After the defendant filed a motion to suppress his inculpatory statements, the trial court found that the police violated the defendant's Sixth Amendment rights. The Commonwealth appeals the trial court's ruling.

In reviewing a ruling on a suppression motion, we consider the evidence in the light most favorable to the prevailing party below, in this case the defendant, and we will disturb the trial court's decision only if it was plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). To prevail on appeal, the Commonwealth carries the burden to show that the granting of the defendant's motion constituted reversible error. Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).

First, "[t]he invocation of the sixth amendment right to counsel is charge specific and does not bar police initiated interrogations with respect to charges unrelated to those for which counsel has been employed." Jackson v. Commonwealth, 14 Va. App. 414, 416, 417 S.E.2d 5, 7 (1992)(citing McNeil v. Wisconsin, 501 U.S. 171 (1991)); Maine v. Moulton, 474 U.S. 159 (1985). However, police initiated interrogations are barred with respect to crimes that are so "inextricably intertwined" as to foreclose isolating the right to counsel on one charge to other

related charges. See United States v. Kidd, 12 F.3d 30, 33 (4th Cir. 1993)(stating that in order to fall within the related offense exception, "the offense being investigated must derive from the same factual predicate as the charged offense"), cert. denied, __ U.S. __, 114 S. Ct. 1629 (1994); United States v. Hines, 963 F.2d 255, 257 (9th Cir. 1992)(discussing the application of the "inextricably intertwined" charges exception).

In this case, we hold that the trial court did not err in ruling that the two sets of charges were inextricably intertwined. The evidence supports the conclusion that all of the charges arose from an "on-going criminal enterprise" involving burglary, larceny, and the disposition of property stolen in those cases. The trial court cited five factors which were critical to finding the inter-relationship between the two sets of charges:

> 1.  Officer Coleman knew from an informant before his first contact with the defendant that the defendant was selling numerous VCR's and other electronic equipment and that such items had been taken from private homes in Lexington.
>
> 2.  The time lapse among these events was less than one month.
>
> 3.  All the property involved in each charge was movable personal property and all of it came from private homes in the Rockbridge-Lexington area.
>
> 4.  The defendant's explanation in each case was that he had acquired the property in question from a third party. The numerous "leads" he offered all resulted in nothing being development [sic] against the third

> party named or described.
>
> 5. Not only was all of the property part of an on-going criminal enterprise, all the police investigations and actions focused on that particular criminal enterprise, and, significantly, officers from Lexington and Rockbridge County worked together in the investigations.

We cannot say that the trial court erred in making these findings.

Even if the officers reasonably believed that the offenses were unrelated when they interrogated the defendant on September 16 and 20, 1995, this does not mean that the defendant's rights were not violated. When adversarial proceedings were initiated against the defendant for receiving stolen property and counsel was appointed to represent him, his Sixth Amendment right to counsel attached and precluded further police questioning about any of the related offenses. See Tipton v. Commonwealth, 18 Va. App. 832, 835, 447 S.E.2d 539, 541 (1994).

Second, it matters not that the officers lacked actual knowledge that the defendant was represented by an attorney or that the officers did not purposely deny the defendant his Sixth Amendment right to counsel. Arizona v. Roberson, 486 U.S. 675, 687 (1981)("we attach no significance to the fact that the officer who conducted the second interrogation did not know that the respondent had made a request for counsel"). "[S]ixth amendment principles require that we impute the [Commonwealth's] knowledge from one state actor to another." Michigan v. Jackson,

475 U.S. 625, 634 (1966).  Once the defendant requested and was appointed an attorney by the trial court, all state actors were deemed to possess knowledge of this fact.  See Roberson, 486 U.S. at 687-88 (stating that police departments must establish procedures enabling officers without actual knowledge to determine if an accused has requested counsel).  It is of little import that the defendant told the officers on September 20, 1995, that he did not have an attorney.  The defendant misapprehended his Sixth Amendment rights and testified that he assumed that the question related only to the forthcoming burglary and larceny charges.  See Jackson, 475 U.S. at 636 (holding that once Sixth Amendment rights attach, and the accused properly invokes these rights by retaining or requesting counsel, subsequent waivers are deemed ineffective).

Based on the foregoing, we affirm the trial court's decision.

Affirmed.

Baker, J., concurring.

Because the trial court found as a fact that the stolen items discovered in defendant's possession on August 27, 1995 were items stolen in the burglaries, I would simply hold that the evidence is sufficient to support the trial court's decision.