■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY L. MOON, Appellant. [718 NYS2d 745] —Carpinello, J. Appeal from a judgment of the County Court of Madison County (Di Stefano, J.), rendered June 7, 1999, upon a verdict convicting defendant of the crimes of reckless endangerment in the second degree, criminal possession of a weapon in the third degree and menacing in the second degree.

Defendant claims that his convictions for reckless endangerment in the second degree and criminal possession of a weapon in the third degree cannot stand because of an erroneous suppression ruling by County Court. These convictions, along with one other not challenged on appeal, arise out of an incident on June 1, 1998 wherein defendant fired two shots from his shotgun toward David Rafte, who was in the process of burning brush on adjoining property, an activity that irritated defendant. Defendant claims that his oral statement to the police leading to the location of the shotgun in his home and the shotgun itself should have been suppressed as the fruit of the poisonous tree in that he was subjected to custodial interroga-

tion in the absence of *Miranda* warnings (*see, e.g., People v Lott*, 102 AD2d 506; *People v Ross*, 88 AD2d 729). The People contend that defendant was not in custody when questioned on his front porch minutes after the incident and that, in any event, exigent circumstances permitted the limited inquiry concerning the whereabouts of the weapon (*see, e.g., People v Sanchez*, 255 AD2d 614, *lv denied* 92 NY2d 1053; *People v Oquendo*, 252 AD2d 312, *lv denied* 93 NY2d 901; *People v Melvin*, 188 AD2d 555, *lv denied* 81 NY2d 889; *People v Ingram*, 177 AD2d 650, *lv denied* 79 NY2d 858).

We need not tarry over the propriety of County Court's ruling since the evidence against defendant was overwhelming to support both convictions, thus rendering any error harmless beyond a reasonable doubt (*see, People v Crimmins*, 36 NY2d 230, 237). Rafte testified that he was in the process of burning brush on the property adjacent to defendant's when defendant came out of his house, looked in Rafte's direction and then affixed a piece of paper to a fence post. Defendant then went back into the house and returned with a shotgun. He again looked toward Rafte, loaded the shotgun and fired one shot in his direction. As Rafte ran for cover, defendant fired another shot, again in his direction. Rafte estimated that a distance of 75 to 100 feet separated the men when the first shot was fired and that the first bullet hit the ground approximately 11 feet away from him. He also testified that there were no visual obstructions between himself and defendant.

After Rafte took cover in his vehicle, he yelled to defendant and asked him why he was shooting at him. Defendant responded with words to the effect of "stop burning" or "no more burning." Significantly, the jury also learned that defendant had threatened Rafte just a few days earlier, vowing to "get even with [him] and [his boss] one way or the other" for burning brush on that property. According to Rafte, defendant was angry when he made this threat. Approximately one month after the incident, a Deputy Sheriff discovered two lead projectiles in the ground with the use of a metal detector. Another Deputy Sheriff opined that these projectiles were characteristic of slugs from a discharged shotgun.

The defense conceded at trial that defendant possessed a shotgun *and* twice fired it in the direction of Rafte on the morning in question. Specifically, the defense stipulated that defendant's written statement to police less than one hour after the incident was voluntary (*compare, People v Levan*, 62 NY2d 139). In that statement, defendant implicated himself in the incident by admitting that he twice fired his shotgun to-

ward his neighbor's adjoining property, but he claimed that he did not realize that Rafte was in the vicinity. There is no dispute then that defendant possessed and twice fired a loaded shotgun. Accordingly, there is no reasonable possibility that any error permitting the shotgun itself to be admitted into evidence or permitting testimony concerning its ultimate location in the house following the incident in any way contributed to the convictions (*see generally*, *People v Molina*, 248 AD2d 489, *lv denied* 92 NY2d 902; *People v Holmes*, 145 AD2d 908, *lv denied* 74 NY2d 897; *cf.*, *People v Levan*, *supra*). As a final matter, and contrary to defendant's suggestion, admission into evidence of the weapon itself was not required to support a conviction for either crime, particularly under these circumstances.

Mercure, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.