UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Huff, O'Brien and Senior Judge Haley
Argued at Fredericksburg, Virginia


SELVIN COLINDRES MANCEDO

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0150-18-4                      JUDGE GLEN A. HUFF
                                                    MAY 14, 2019

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Thomas P. Mann, Judge

            Jessica Newton, Assistant Public Defender, for appellant.

            Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Selvin Colindres Mancedo ("appellant") appeals his conviction by the Circuit Court of

Fairfax County ("trial court") for two counts of aggravated sexual battery of D.C., in violation of

Code § 18.2-67.3.  D.C. is the eight-year-old daughter of Isabel Hernandez ("Hernandez"),

appellant's romantic partner at the time of the offense.  In accordance with the jury's verdict, the

trial court sentenced appellant to a total of 28 years of incarceration, with 14 years suspended.

        Appellant claims the trial court erred by excluding two parts of Hernandez's testimony.

First, appellant claims the trial court erred by excluding Hernandez's testimony that D.C. had

told Hernandez and appellant, "I don't want you to go to jail.  I don't want to say the things

they're telling me to say."  The trial court excluded this testimony under the rape shield statute.

Second, appellant claims the trial court erred by excluding Hernandez's testimony that Reina

Castellon ("Castellon")—Hernandez's aunt and the "first report witness"—had attempted to

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

extort Hernandez and appellant with an offer of silence. The trial court excluded this testimony as extrinsic evidence of a collateral inconsistent statement.

This Court affirms both holdings. Hernandez's testimony about D.C.'s statement is inadmissible hearsay not covered by the state-of-mind exception. Further, Hernandez's testimony about Castellon's statement was extrinsic evidence of a collateral prior inconsistent statement.

## I. BACKGROUND

On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672 (2004)).

So viewed, the evidence established that appellant inappropriately touched D.C. a number of times. After D.C. turned nine years old, she reported the improper touching for the first time to Castellon. D.C. spent most weekends at Castellon's home, so that she could attend church and a program called "Adventures." Castellon noticed that D.C. often became upset and tearful when it was time for her to return home on Sunday, and she would ask to stay until Monday. Castellon questioned D.C. about this behavior in November 2015, and D.C. revealed that appellant had been inappropriately touching her.

Castellon took D.C. to discuss the matter with Hernandez and appellant. Later that day D.C. told Hernandez that the allegations were untrue and that the touching had not occurred. Castellon took D.C. back to her home because Hernandez did not believe D.C., and Castellon did not think it was safe to leave D.C. with Hernandez and appellant. Castellon waited about three weeks to determine if Hernandez would report the matter to Child Protective Services ("CPS"), but Castellon contacted CPS herself when Hernandez failed to do so. As a result, Detective

Alyson Russo and CPS caseworker Laurie Johnson interviewed D.C. on two occasions, in which D.C. consistently relayed details of the inappropriate touching. D.C. testified that she was truthful when she told Russo and Johnson about the touching incidents.

At trial, D.C. explained that she was untruthful with Hernandez at the time of her initial report because Hernandez and appellant were in a relationship, Hernandez loved appellant, and D.C. did not want Hernandez to be unhappy as a result of appellant's conduct. D.C. acknowledged that she changed her story multiple times when speaking with Hernandez. D.C., however, indicated that her recantation was false and that her trial testimony was true. When questioned about whether the events she had described could have been a dream, D.C. said, "All of those things happened and I'm pretty sure about that."

Hernandez testified at trial that she was in contact with D.C. in the mornings when appellant took care of D.C. before school by himself, and D.C. never appeared to be unhappy or upset. Hernandez also never saw D.C. appear unhappy or afraid of appellant. When Hernandez confronted appellant about D.C.'s allegations, he did not appear nervous. Lastly, Hernandez stated she did not contact CPS about the report because D.C. recanted on the same day she made the allegation.

At one point, D.C. told appellant and Hernandez, "I don't want you to go to jail. I don't want to say the things they're telling me to say." At trial, appellant sought to elicit this statement from Hernandez to show that D.C.'s family members had told D.C. to lie. Appellant proffered the fact that a long-standing family feud existed between Hernandez's family and appellant. Based on this feud, appellant contended that D.C.'s allegations of abuse were a product of conspiracy, that is, Hernandez's family pressured D.C. to lie. The court ruled that the statement was inadmissible because the rape shield statute applied, the court had no way to determine what

"the things" were that D.C. referenced, and the state-of-mind hearsay exception was not applicable.

Appellant also attempted to elicit testimony from Hernandez that Castellon had contacted appellant and Hernandez, offering her silence in exchange for their trailer or money. When asked on cross-examination, Castellon denied threatening to extort appellant and Hernandez. Although the trial court permitted the question on cross-examination of Castellon, it refused to permit Hernandez to testify about the statement on the grounds that this testimony was extrinsic evidence of a collateral prior inconsistent statement.

After a three-day trial, the jury convicted appellant of two counts of aggravated sexual battery, and the trial court sentenced appellant to a total of 28 years of incarceration, with 14 years suspended. This appeal followed.

## II. STANDARD OF REVIEW

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16 (1988). "This standard, if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" Thomas v. Commonwealth, 44 Va. App. 741, 753 (quoting Henry J. Friendly, Indiscretion about Discretion, 31 Emory L.J. 747, 754 (1982)), adopted upon reh'g en banc, 45 Va. App. 811 (2005). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Turner v. Commonwealth, 65 Va. App. 312, 327 (2015) (quoting Grattan v. Commonwealth, 278 Va. 602, 620 (2009)).

A trial court, however, "by definition abuses its discretion when it makes an error of law." Robinson v. Commonwealth, 68 Va. App. 602, 606 (2018) (quoting Dean v. Commonwealth, 61 Va. App. 209, 213 (2012)). Thus, "evidentiary issues presenting a 'question

of law' are 'reviewed *de novo* by this Court.'" <u>Abney v. Commonwealth</u>, 51 Va. App. 337, 345 (2008) (quoting <u>Michels v. Commonwealth</u>, 47 Va. App. 461, 465 (2006)).

### III.  ANALYSIS

Appellant argues the trial court erred by preventing Hernandez from testifying about statements made by both D.C. and Castellon.  Appellant argues that D.C.'s statement is admissible under the state-of-mind hearsay exception and that Castellon's offer of silence was a material prior inconsistent statement.  This Court disagrees.

### A.  Hearsay evidence of D.C.'s statement

Appellant argues that the trial court erred by excluding Hernandez's testimony that she heard D.C. tell appellant "I don't want you to go to jail.  I don't want to say the things they're telling me to say."  He argues that the rape shield statute does not bar admission of the statement because it does not contain evidence of prior sexual conduct.  Further, appellant asserts the statement is admissible under the state-of-mind hearsay exception because it relates to D.C.'s thoughts and feelings at that time.[1]

This Court concludes the trial court erred by applying the rape shield statute to D.C.'s statement because the statement did not involve D.C.'s past sexual conduct.  Nevertheless, under the right result for the wrong reason doctrine, this Court will affirm the exclusion of the statement because the statement is inadmissible hearsay not covered by the state-of-mind hearsay exception.

### 1.  <u>Rape Shield Statute</u>

Appellant argues the trial court erred by applying the rape shield statute.  The Commonwealth concedes the rape shield statute does not apply to D.C.'s statement.  This Court,

---

[1] Appellant also contends the trial court erred by finding D.C.'s statement not relevant due to its ambiguity and lack of specificity.  Because neither of appellant's hearsay arguments are valid, this Court need not address the relevance of the statement.

however, is not bound by the Commonwealth's concession of law. Bowden v. Commonwealth, 52 Va. App. 673, 677 n.1 (2008) ("[F]idelity to the uniform application of law precludes us from accepting concessions of law made on appeal." (quoting Logan v. Commonwealth, 47 Va. App. 168, 172 (2005) (*en banc*))).

Under Code § 18.2-67.7, often referred to as the rape shield statute, and Virginia Rule of Evidence 2:412, evidence of the complaining witness' prior sexual conduct is inadmissible with certain exceptions. If the evidence is not offered to prove sexual conduct, however, then the rape shield statute does not apply. For instance, the rape shield statute does not apply to false statements about sexual abuse because such statements do not qualify as "conduct" within the meaning of the statute. Clinebell v. Commonwealth, 235 Va. 319, 322 (1988); see also Poff v. Commonwealth, Record No. 0911-15-1, at *3 (Va. Ct. App. Jan. 24, 2017) ("[T]estimony about a false accusation of rape cannot fall under Code § 18.2-67.7 . . . because it is not testimony about her past sexual activity but an alleged lie that she told about alleged sexual activity.").[2]

Here, D.C.'s statement does not involve her sexual conduct, nor does it discuss her past sexual activity. Accordingly, the rape shield statute does not govern.

### 2. Right Result for the Wrong Reason Doctrine

Even though the trial court improperly held that the rape shield statute barred admission of the statement, this Court will affirm the exclusion under the right result for the wrong reason doctrine. "[I]t is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons." Perry v. Commonwealth, 280 Va. 572, 579 (2010) (quoting Schultz v. Schultz, 51 Va. 358, 384 (1853)). "When the trial court has reached the correct result for the

---

[2] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 351 (2012).

wrong reason, but the record supports the right reason, 'we will assign the correct reason and affirm that result.'" Id. at 580 (quoting Mitchem v. Counts, 259 Va. 179, 191 (2000)). As such, the right result for the wrong reason doctrine is proper "when the evidence in the record supports the new argument on appeal, and the development of additional facts is not necessary." Id. at 579 (citing Whitehead v. Commonwealth, 278 Va. 105, 115 (2009)). This Court affirms the ruling of the trial court because D.C.'s statement does not qualify under the state-of-mind hearsay exception.

### 3. State-of-Mind Hearsay Exception

Appellant argues that D.C.'s statement qualifies under the state-of-mind hearsay exception because it related to what she was thinking and feeling at the time she made the statement. This Court disagrees. D.C.'s statement contains aspects of memory within it, meaning this hearsay exception cannot apply.

"Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted." Clark v. Commonwealth, 14 Va. App. 1068, 1070 (1992). Generally, "hearsay evidence is admissible if it falls into one of the recognized exceptions to the hearsay rule . . . ." Evans-Smith v. Commonwealth, 5 Va. App. 188, 197 (1987). State-of-mind is one such hearsay exception, codified in Virginia Rule of Evidence 2:803(3):

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of the declarant's will.

Under this hearsay exception, "if the declarant's state of mind is relevant to the case, then admissions of the declarant's mental state are admissible, providing that they 'refer to a presently existing state of mind. . . .'" Evans-Smith, 5 Va. App. at 197 (internal citation omitted). "The

requirement of contemporaneousness, or near contemporaneousness, reduces the chance of premeditated prevarication or loss of memory." Foley v. Commonwealth, 8 Va. App. 149, 161-62 (1989) (quoting Booth v. State, 508 A.2d 976, 980 (Md. 1986)).

This hearsay exception cannot apply, however, to statements that contain elements of memory within them. See Kauffmann v. Commonwealth, 8 Va. App. 400, 406-07 (1989) (holding declarant's statements that the defendant had molested her in the past were not admissible under the state-of-mind exception). As such, "statements describing or narrating the cause of the declarant's mental or physical condition are not admissible under the state-of-mind exception." Id. at 407 (citing Travellers' Ins. Co. of Chicago v. Mosley, 75 U.S. 397, 405 (1869)).

Here, D.C. told appellant and Hernandez, "I don't want you to go to jail. I don't want to say the things they're telling me to say." This inadmissible hearsay did not become admissible under the state-of-mind hearsay exception because the statement contains an undercurrent of memory.[3] In her second sentence, D.C. refers to "things they're telling me to say." At trial, appellant argued that D.C. made this statement in the context of a long-standing family feud between Hernandez's family and appellant. Appellant sought to prove that, because of this feud, Hernandez's family pressured D.C. to lie and that her allegations of abuse were untrue.

In the very moment that D.C. made this statement, no one was telling her to say anything, implying that the individuals she referenced must have told her these "things" previously.

---

[3] The first sentence of D.C.'s statement, "I don't want you to go to jail," might fall within the state-of-mind hearsay exception because it describes D.C.'s feelings at that very moment about the prospect of appellant serving jail time. Even though this first sentence might be admissible under this hearsay exception, it would not be relevant by itself. Appellant offered the statement as a whole to prove that D.C.'s family members had told her to lie, and the first sentence would not suffice to achieve that purpose. The first sentence is not relevant apart from the second because its relevance is derived from the bigger picture of proving D.C. had been told to lie.

Because the individuals told her these "things" previously, she relied on her memory during this statement to Hernandez and appellant. Because there is a sense of memory implicit within this second sentence, it is not admissible as state-of-mind hearsay.

## B. Extrinsic evidence of Castellon's statement

Appellant argues that the trial court erred in excluding Hernandez's testimony that Castellon attempted to extort appellant's and Hernandez's trailer or money from them in exchange for not reporting the touching to the authorities. He argues that the alleged extortion was a prior inconsistent statement to Castellon's testimony. Although the trial court permitted appellant to cross-examine Castellon about the alleged extortion, it refused to allow Hernandez to testify about it because her testimony would be extrinsic evidence of a collateral inconsistent statement. Appellant argues the trial court erred because the alleged extortion is material to the case, not collateral, because it demonstrates Castellon's motive to lie about D.C.'s behavior and statements to her. This Court disagrees.

Although a party may impeach a witness by cross-examining the witness about a prior inconsistent statement, the party may not introduce extrinsic evidence that the statement was made unless the inconsistent statement is material to the case. Va. R. Evid. 2:613(a)(ii) ("Extrinsic evidence of collateral statements is not admissible."). A statement is material—not collateral—when the offering party would "be entitled to prove it in support of his case." Massey v. Commonwealth, 67 Va. App. 108, 126 (2016) (quoting McGowan v. Commonwealth, 274 Va. 689, 695 (2007)). A statement is collateral if it provides "no link in the chain of evidence" nor "intimate connection with the main fact." Id. (quoting McGowan, 274 Va. at 695). "Evidence . . . *which cannot be used for any purpose other than for impeachment* . . . is certainly collateral to the main issue." Id. (quoting McGowan, 274 Va. at 695).

- 9 -

At its core, "the 'collateral facts' rule is purely a question of relevancy." Seilheimer v. Melville, 224 Va. 323, 327 (1982) (citing C. Friend, The Law of Evidence in Virginia § 137 (1977)). If the statement is only relevant because the declarant testified inconsistently—and the statement would not have been relevant if the declarant did not testify—then the evidence is collateral to the main issue of the case and the statement cannot be proved with extrinsic evidence. "[S]uch evidence tends to draw the minds of the jury away from the point in issue, to excite prejudice and mislead them." Id. (quoting Spurlin, Administratrix v. Richardson, 203 Va. 984, 990 (1962)).

Appellant argues that because the alleged extortion demonstrates Castellon's motive to testify falsely, the alleged extorting statements are material. Appellant, however, offers no reason why those statements are relevant except to impeach Castellon. He does not explain how the alleged extortion makes it more or less likely that the appellant touched D.C. The alleged extorting statements' only relevance is the doubt it casts on Castellon's testimony; in other words, it demonstrates her motive to fabricate. Appellant would not be allowed to prove Castellon attempted to extort Hernandez and appellant if Castellon had not testified because any alleged extortion is collateral to appellant's criminal trial. Thus, the trial court properly excluded the testimony.

Appellant cites Davis v. Alaska, 415 U.S. 308, 316 (1974) (quoting 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970)), for the proposition that "[t]he partiality of a witness is subject to exploration at trial, [sic] and is 'always relevant as discrediting the witness and affecting the weight of his testimony.'" See also Va. R. Evid. 2:610 ("A witness may be impeached by a showing that the witness is biased for or prejudiced against a party. Extrinsic evidence of such bias or prejudice may be admitted."). Thus, appellant argues, Hernandez's testimony about Castellon's alleged extortion was material to his case. He did not, however,

argue bias to the trial court, and any argument that bias is a special category of collateral statement that may be proved with extrinsic evidence is not preserved. Rule 5A:18; Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review."). In the trial court, appellant alleged Castellon's alleged extorting statements were prior inconsistent statements because she denied making them at trial.[4] He never mentioned bias or motive at all. Thus, he never alerted the trial court that it should consider bias as a basis to admit the statement, and that argument is waived. Neal v. Commonwealth, 14 Va. App. 416, 422 (1992) ("[T]he primary function of Rule 5A:18 is to alert the trial judge to possible error so the judge may consider the issue intelligently and take corrective actions necessary.").

## IV. CONCLUSION

This Court affirms the ruling of the trial court, holding that D.C. and Castellon's statements were inadmissible. D.C.'s statement is inadmissible because it does not fall within the state-of-mind hearsay exception. Extrinsic evidence of Castellon's statement is inadmissible because it is a collateral inconsistent statement. Accordingly, appellant's convictions are affirmed.

Affirmed.

---

[4] He also argued the statements were statements against penal interest because extortion is a criminal act, but has abandoned that argument before this Court.